[Civ. No. 12047.  First Dist., Div. Two.  Nov. 13, 1942.]

STATE COMPENSATION INSURANCE FUND, Appellant,
v. MIKE MATULICH et al., Respondents; LEONARD L.
ARNOLD, Intervener and Appellant.

M. Mitchell Bourquin for Appellants.

Yale S. Kroloff and Clark & Heafey for Respondents.

STURTEVANT, J. — On October 4, 1939, Leonard L.
Arnold, while in the course of his employment, received per-
sonal injuries in an automobile accident.  His employer's

compensation insurance carrier, State Compensation Insurance Fund, assumed liability under its policy and has paid and continues to pay compensation to Arnold and to furnish him with hospital and medical attention. On October 3, 1940, the plaintiff, State Compensation Insurance Fund, filed this action against the third parties alleged to be responsible for the injuries to Arnold, to recover from said third parties its expenditures for compensation and hospital and medical treatment, and in its complaint included a claim for the personal injuries sustained by Arnold. Defendants filed a demurrer to that complaint, it was sustained, plaintiff filed an amended complaint, the defendants answered and the cause between the plaintiff and defendants is at issue.

Prior to the filing of the amended complaint, Arnold, the employee, applied for permission to intervene. The record does not disclose that a demurrer was interposed to his application. Both his application and his motion to plead were granted and he filed a complaint May 14, 1941. To that pleading the defendants interposed a general demurrer which pleaded the statute of limitations, subdivision 3 of section 340 of the Code of Civil Procedure. That demurrer was sustained without leave to amend. Thereafter judgment against the intervener was entered in favor of the defendants. From that judgment both the State Compensation Insurance Fund and the plaintiff Arnold have appealed.

This case seems to require a construction of sections 3850-3862 of the Labor Code which apparently have not been construed since the subject matter of said sections was embodied into that code replacing the previously existing statutes relating thereto.

That general subject matter was formerly contained in sections 26 and 26a of the Workmen's Compensation Act. Those sections were frequently amended and the peculiar wording of said sections and the amendments thereto gave considerable difficulty in practice. When the subject matter of those sections was enacted into the Labor Code, the Legislature again failed to free its enactments from ambiguity and probably made the confusion worse.

Prior to the adoption of the Labor Code, the case of *State Compensation Ins. Fund* v. *Allen*, 104 Cal.App. 400 [285 P. 1053], made it clear that under section 26, the insurance carrier could bring an action in its own name to recover its compensation payments and also to recover all

damage sustained by the injured employee; and that a complaint in intervention could be filed in such action by the injured employee at any time before trial and even though at a time more than one year after the accident as such complaint presented no new issues. That case involved facts quite similar to those before us. If the law in this regard was not changed when the Labor Code was adopted, then the trial court here erred in sustaining the demurrer to the original complaint filed by the State Fund and in sustaining the demurrer to the complaint in intervention, and the judgment should be reversed.

Despite the ambiguity found in section 3852 of the Labor Code, when sections 3850-3862 are read together, and in the light of section 2 of the Labor Code, it appears that no substantial change from former sections 26 and 26a was intended. Defendants have taken the position that under the present law the insurance carrier may not bring an action in its own name and include the damages to the injured employee in the cause of action, and that, any complaint in intervention filed by the injured employee in an action brought by the employer presents new issues and must be filed before the statute of limitations expires. If this be true, then the provisions of certain other sections of the Labor Code are rendered meaningless.

Section 3853 still retains the provision that, ''If the action is brought by either the employer or employee, the other may, *at any time before trial on the facts, join as party plaintiff*''. (Italics ours.) The language is not restricted to the statutory period and the provision that the employee may ''join as party plaintiff'' is meaningless unless the employer or insurance carrier had already set up the employee's claim for general damages. The employee could have no interest in joining as party plaintiff in an action limited to a recovery of the employer's special damages.

Section 3854 still retains the provision for an action by the employer alone. It permits evidence of any amount the employer has ''paid or become obligated to pay'' and provides that such expenditures shall be considered as proximately resulting from the injury in addition to *''any other items of damage proximately resulting therefrom''*; and that ''After recouping himself for such special damages, together with a reasonable attorney's fee fixed by the court, the employer shall pay *any excess* to the injured employee or other

person entitled thereto." (Italics ours.) If there is no recovery to be had in the action brought by the employer alone for general damages to the employee, where does this excess come from? The excess can only exist and the money to pay the attorney's fee in addition to the special damages of the employer can only exist on the assumption that the action is for the general damages to the employee as well as for special damages of the employer.

Section 3859 provides that "No release or settlement of any claim under this chapter is valid without the written consent of both employer and employee." What possible purpose could this provision have if the employer can only enforce a claim for his own special damage? The employee would have no interest in the release or settlement of such claim.

The ambiguity and confusion arising from the changed language now found in section 3852, arose largely from changing the language originally found in section 26 and inartistically engrafting onto the new language the words "salary, wage, pension or other emolument" originally found in section 26a. But despite the peculiar wording of section 3852, a reading of all the sections shows that it was the intent of the Legislature to relate the words "damages for which he was liable," in said section 3852, to the damages for which the "third person" mentioned in the previous sentence was liable and not to the "damages" for which the employer or insurance carrier was liable.

The State Compensation Insurance Fund attempted to appeal from the judgment by joining the plaintiff Arnold in giving notice of appeal. The defendants assert that the fund was not aggrieved by the judgment, that it had no right to appeal, (Code Civ. Proc., § 938), and that its purported appeal should be dismissed. We think that assertion is sound and the appeal by the State Compensation Insurance Fund is dismissed.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 12, 1943.