[Civ. No. 23939. First Dist., Div. Three. Oct. 3, 1967.]

WILSON HARRISON, Plaintiff and Respondent, v. WILLIAM ENGLEBRICK, JR., et al.. Defendants and Respondents; EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., Intervener and Appellant.

_____

872

Twohy, Wegner & Likens and Gordon V. Wegner for Intervener and Appellant.

Spridgen, Moskowitz, Barrett & Achor and James B. Hinton for Defendants and Respondents.

No appearance for Plaintiff and Respondent.

SALSMAN, J.—Plaintiff Wilson Harrison, an employee of Oakdale Poultry Company, was injured in the course of his employment by the alleged negligent conduct of William Englebrick, Jr., and Safeway Stores, Inc. on October 15, 1961. He filed a complaint against Englebrick and Safeway in the Municipal Court, Santa Rosa Judicial District, Sonoma County April 3, 1962, within one year of his injury. On October 13, 1964, appellant Employers Liability Assurance Corporation, Ltd., which as compensation carrier for Oakdale Poultry had paid Harrison workmen's compensation benefits, filed a complaint in intervention[1] in Harrison's action against Engle-

---

[1]Labor Code section 3853 permits either the employer or the employee to join in the other's action against a third party ". . . at any time before trial." Code of Civil Procedure section 387 similarly allows any person who has an interest in the matter in litigation to intervene in the action "At any time before trial. . . ."

brick and Safeway, seeking recovery of such sums and to have the amount thereof declared a lien upon any judgment rendered in favor of Harrison against the defendants Englebrick and Safeway. Thereafter Harrison filed an amended complaint, increasing his prayer for damages beyond the jurisdictional limits of the municipal court, and that court then ordered the action transferred to the superior court.

In the superior court, defendants Englebrick and Safeway demurred to the complaint in intervention on the ground that the cause of action therein contained was barred by the statute of limitations. The superior court sustained the demurrer of the defendants without leave to amend, and entered judgment dismissing appellant's complaint. The intervenor appeals.

Code of Civil Procedure section 340, subdivision 3 fixes the time within which an action for personal injuries must be filed at one year. Here, Harrison's action was commenced within one year from the date of his injury and was therefore timely filed, but appellant's complaint in intervention was not filed until almost three years from the date of injury. Thus, the single issue on appeal is whether the cause of action expressed in the complaint in intervention is barred by the one-year statute of limitations. As will appear, we conclude that the complaint in intervention was timely filed and therefore reverse the judgment.

Harrison's rights against his employer are limited to compensation pursuant to the workmen's compensation provision of the Labor Code (Lab. Code, § 3601) because his injuries were sutained in the course and scope of his employment. This fact, however, does not affect his claim or right of action to recover damages for his personal injuries against negligent third persons who may have caused his injuries. (Lab. Code, § 3852.)

An employer who has paid compensation to an employee injured by the negligent conduct of a third person may recover such payments against the negligent third person (Lab. Code, § 3852). As used in the Labor Code, the term "employer" includes the employer's compensation insurer. (Lab. Code, § 3850.) In *Witt* v. *Jackson*, 57 Cal.2d 57, 69 [17 Cal. Rptr. 369, 366 P.2d 641], the Supreme Court pointed out that: "There are three ways in which an employer who becomes obligated to pay compensation to an employee may recover the amount so expended against a negligent third party. He may bring an action directly against the third party (Lab.

Code, § 3852), join as a party plaintiff or intervene in an action brought by the employee (Lab. Code, § 3853), or allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees (Lab. Code, § 3856, subd. (b))." Here appellant has chosen to intervene in the employee's action rather than bring a separate action of its own against the negligent third party.

Where the insurance carrier of an employer seeks to recover benefits paid to an injured employee and chooses to bring its own action directly against the third person alleged to be responsible for the employee's injuries, it is clear that the carrier's complaint must be filed within one year from the date of injury. (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.*, 41 Cal.2d 785, 786-787 [264 P.2d 5, 41 A.L.R.2d 1037]; *City of Los Angeles* v. *Aldrich*, 242 Cal.App.2d 306 [51 Cal. Rptr. 408]; *Liberty Mutual Ins. Co.* v. *Fabian*, 228 Cal.App.2d 427 [39 Cal.Rptr. 570].) It has been held, however, that if the carrier files suit before the employee, and does so within one year of the date of injury, the injured employee's complaint in intervention is timely even though filed well after the one-year period has run. (*State Comp. Ins. Fund* v. *Allen*, 104 Cal.App. 400 [285 P. 1053]; *State Comp. Ins. Fund* v. *Matulich*, 55 Cal.App.2d 528 [131 P.2d 21].) There is no reason why the latter rule should not have equal application to those cases where, as here, the employee's action is timely filed, and the carrier seeks to intervene after the expiration of the one-year period. The employee's action is brought not only for the employee's benefit, but also for the benefit of his employer, at least to the extent that the employer has paid compensation benefits to the employee and the amount thereof is recoverable in the employee's action. (*Witt* v. *Jackson, supra,* 57 Cal.2d 57, 72; see also *Benwell* v. *Dean,* 249 Cal.App.2d 345 [57 Cal.Rptr. 394].) Therefore, the timely filing of the employee's action inures to the benefit of the employer, and serves to protect the employer against the bar of the statute of limitations, which, as we have seen, may successfully be raised when the employer or his insurance carrier brings a separate action, and the action is filed more than one year from the date of injury.

While no California case directly in point has been cited to us, and we have found none, at least one federal case supports our conclusion. In *Dierks* v. *Alaska Air Transport,* 109 F.Supp. 695, the plaintiff brought a timely action against a

defendant for damages for personal injuries. The insurance carrier of plaintiff's employer sought to intervene after the time for the filing of an action for personal injuries had expired. The court concluded that the timely filing of the plaintiff employee's action inured to the benefit of the intervenor and hence permitted the filing of the complaint in intervention.

Since the law is clearly established that, when the employer's action is timely filed, the employee may intervene and press his complaint in intervention to recover damages for personal injuries, even though the employee does not appear and make such a claim until more than one year after his injury (*State Comp. Ins. Fund* v. *Matulich, supra*) it seems reasonable to conclude, as we do, that where the employee has filed a timely action the employer may likewise appear and intervene even though his complaint in intervention is not filed until more than one year after the date of injury. (*Dierks* v. *Alaska Air Transport, supra,* 109 F.Supp. 695.) The purpose of the statute of limitations is to give the adverse party timely warning of the real claims against him and to prevent the assertion of stale claims. That purpose was substantially served here when the employee, Harrison, filed his complaint less than six months after the injury occurred.

The judgment is reversed.

Draper, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.