[Civ. No. 25163. Fourth Dist., Div. Two. Feb. 24, 1981.]

JACK JORDAN, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ASSOCIATED INDEMNITY CORPORATION et al., Real Parties
in Interest.

COUNSEL

Sroloff & Biren, Matthew B. F. Biren and Thomas G. Wianecki for Petitioner.

No appearance for Respondent.

Kinkle, Rodiger & Spriggs, Lily Sweida Hopkins and Larry T. Pleiss for Real Parties in Interest.

OPINION

**MORRIS, J.**—Petitioner seeks a writ of mandate to compel the trial court to set aside its order sustaining a demurrer to petitioner's complaint-in-intervention. We conclude that the writ should be granted.

FACTS

Petitioner was delivering bread for his employer, French American Bakery Company, at Gelson's Market (Gelson's) when he fell and injured himself. Associated Indemnity Corporation (Associated), the workers' compensation carrier for petitioner's employer, paid disability and medical benefits to the petitioner. Two days prior to the one year anniversary of petitioner's accident, Associated filed suit against Gelson's for reimbursement of the money that Associated had paid to the petitioner. Three weeks later, one year and eighteen days after the accident, petitioner filed a complaint-in-intervention against Gelson's,

seeking general and special damages for his injuries. Gelson's successfully demurred to the petitioner's complaint on the ground that the action was barred by the statute of limitations.

## DISCUSSION

■ An employer is liable for payment of workers' compensation to an employee when the employee sustains an injury "arising out of and in the course of the employment," regardless of negligence. (Lab. Code, § 3600.)[1] Such payment is the employee's exclusive remedy against his employer. (§ 3601.) However, when the injury is caused by a third party, both the employer and the employee are entitled to bring suit against the third party. (§ 3852.)[2] A workers' compensation insurer has the same right to sue as an employer. (§ 3850, subd. (b).) ■ The time for bringing such a suit, whether commenced by the employer or the employee, is governed by the one year statute of limitations in Code of Civil Procedure section 340, subdivision 3. (*County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363].)

■ In the present case, the insurer, Associated, filed its complaint within the one-year statutory period, but the employee, petitioner, filed his complaint-in-intervention more than one year after his injury. Gelson's contends, and the trial court ruled, that petitioner's action was barred. We disagree.

Section 3853 states that when an action is brought against a third party by either the employer or the employee, "the other may, *at any time before trial on the facts*, join as party plaintiff." (Italics added.)[3]

---

[1] All references are to the Labor Code, unless otherwise stated.

[2] Section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

[3] At the time that the complaints in this action were filed, section 3853 read in full: "If either the employee or the employer brings an action against such third person, he shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought by personal service or registered mail. Proof of

Moreover, one court has stated that "the law is clearly established that, when the employer's action is timely filed, the employee may intervene and press his complaint in intervention to recover damages for personal injuries, even though the employee does not appear and make such a claim until more than one year after his injury." (*Harrison* v. *Englebrick* (1967) 254 Cal.App.2d 871, 875 [62 Cal.Rptr. 831]; see also 2A Larson, Workmen's Compensation (1976) § 75.30, p. 14-277.)

The above-quoted statutory and case law would appear to be dispositive of the matter presented here. Gelson's contends it is not and makes four different arguments as to why the complaint-in-intervention is barred.

Gelson's first claims that petitioner has failed to meet the requirements of section 387 of the Code of Civil Procedure, which sets out the law of intervention. It is contended that petitioner may not intervene in the Associated-Gelson's lawsuit because he does not have "an interest in the matter in litigation, or in the success of either of the parties, or an interest against both." (Code Civ. Proc. § 387, subd. (a).) However, Gelson's has conveniently overlooked the second paragraph of the statute, which states, in pertinent part, "If any provision of law confers an unconditional right to intervene . . . the court shall, upon timely application, permit that person to intervene." (Code Civ. Proc., § 387 subd. (b).) Section 3853 gives such an unconditional right. (See also 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 194, p. 1866; 2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar. 1978) § 25.2, p. 114.) Thus, the requirements of Code of Civil Procedure section 387 subdivision (a) are inapplicable here.

■ A second argument made by Gelson's is that the Legislature did not intend section 3853 "to control or modify the one year statute of limitations for personal injury." We conclude, however, that the legislative intent is clear that section 3853 should so operate. Section 3853 can trace its ancestry to a portion of section 26 of the 1917 Workmen's Compensation Act. That law, like section 3853, provided for notice to the employer or employee if the other brought an action against a third

---

such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently." (Stats. 1937, ch. 90, § 3853, p. 273.)

The statute has subsequently been amended to change the form of notice that the employee or employer must give to the other. Now, "a copy of the complaint" must be provided, by personal service or "certified" mail. (Stats. 1980, ch. 582, § 1, p. 1591.)

party tortfeasor, and allowed the employer or employee to "join as a party plaintiff in such action." However, section 26 required that the intervention of the employer or employee be accomplished within 30 days of notification of the other's action, otherwise the employer or employee's "right of action against such third person shall be barred." (Stats. 1917, ch. 586, § 26, p. 854.) The next session of the Legislature changed section 26 to allow intervention "at any time before trial on the facts." (Stats. 1919, ch. 471, § 8, p. 921.) The language change shows a purposeful legislative intent to specially regulate the time in which a complaint-in-intervention can be filed. Moreover, to have section 3853 interventions limited by the one-year limitation period would have the effect of deleting the words "at any time before trial on the facts" from the statute for any case that goes to trial more than one year after the employee's injury, which, in practical effect, is every case. "The presumption obtains that every word, phrase and provision employed in a statute is intended to have meaning and to perform a useful function and it is not to be supposed that the Legislature used language in a sense which would defeat the only purpose and render nugatory an important provision of the act." (*Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 233 [273 P.2d 5].) In light of these considerations, there is no merit to the argument that the Legislature did not intend section 3853 to modify Code of Civil Procedure section 340, subdivision 3.

Gelson's next contends that even if section 3853 modifies the general personal injury statute of limitations, section 3853 should be interpreted so as to allow a post-one-year-of-injury employee intervention only if the employee has "an interest" in the employer-third party litigation. Since Associated is suing only to recover for workers' compensation benefits it has already paid to petitioner, Gelson's asserts, petitioner has no interest in the litigation. Gelson's cites in support of its position *State Comp. Ins. Fund* v. *Matulich* (1942) 55 Cal.App.2d 528 [131 P.2d 21] and *State Compensation Ins. Fund* v. *Allen* (1930) 104 Cal. App. 400 [285 P. 1053], the two cases which were relied on by the court in *Harrison* v. *Englebrick, supra,* 254 Cal.App.2d 871, to state the "clearly established" law concerning the timeliness of employee interventions.[4]

---

[4]*Harrison* involved the mirror-image situation of that presented in this case. There, the employee filed a timely complaint and the insurer sought to intervene more than one year after the date of injury. The court held that the insurer's action was not barred by the statute of limitations. Citing the *Matulich* and *Allen* cases, the *Harrison* court stated that "if the carrier files suit before the employee, and does so within one year of the date of injury, the injured employee's complaint in intervention is timely

*Matulich* and *Allen*, like the present case, involved timely complaints by insurers against third parties and employee complaints-in-intervention filed after the one-year limitation period had run. The courts in both *Matulich* and *Allen* held the employee's action not barred. The critical distinguishing factor, Gelson's claims, is that the insurer complaints in the two cases, unlike Associated's complaint here, included claims for the employee's personal injuries in addition to the claims for reimbursement to the insurer for workmen's compensation already paid. If Associated had pleaded petitioner's general damages, Gelson's concedes, petitioner would have "an interest" in the litigation and would be allowed to intervene.[5]

Gelson's position in this regard has as its foundation one particular sentence in *Matulich*. The third party defendant in *Matulich* took the positions that an insurer could not include in its complaint a claim for the employee's damages and that an employee's complaint-in-intervention must be filed within the statute of limitations since it presents new issues. The court rejected both positions by quoting the last sentence of section 3853 and stating, "The language is not restricted to the statutory period and the provision that the employee may 'join as party plaintiff' is meaningless unless the employer or insurance carrier had already set up the employee's claim for general damages. *The employee could have no interest in joining as party plaintiff in an action limited to a recovery of the employer's special damages.*" (55 Cal.App.2d at p. 530, italics added.)

We find no support for Gelson's position in the *Matulich* quote. The court was there discussing two different contentions of the third party

---

even though filed well after the one-year period has run." Then, in disposing of its own case, the court concluded, "There is no reason why the latter rule should not have equal application to those cases where, as here, the employee's action is timely filed, and the carrier seeks to intervene after the expiration of the one-year period." (254 Cal.App.2d at p. 874; see also *County of San Diego* v. *Sanfax Corp., supra*, 19 Cal.3d 862, 885.)

[5]Two workers' compensation authorities are in conflict on this issue. One supports Gelson's position, stating that an employee can intervene in an employer's timely lawsuit after the statute of limitations has run if the employer is "seeking to recover both his own expenditures *and damages for the employee.*" (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1980) § 23.04[5], p. 23-20, italics added.) The other supports petitioner's position, stating that "[t]he employee can intervene in the employer's existing action at any time before trial, and the employee is entitled to allege all his damages even though the employer's complaint demanded only the lesser amount he claimed as reimbursement for compensation paid." (Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 17.15, p. 624.)

defendant. The sentence on which Gelson's relies (the one in italics above) was written to refute the first contention, that "the insurance carrier may not bring an action in its own name and include the damages to the injured employee in the cause of action." (55 Cal.App.2d at p. 530.) To the extent that the sentence may suggest, as dictum, that an employee cannot "join as party plaintiff" unless the insurer has already pleaded a claim for the employee's general damages, we disagree.

■ In enacting section 3853, the Legislature did not distinguish between an employer action where the employee's general damages are pleaded and one where such damages are not pleaded. Both types of actions are within the scope of a section 3853 action, i.e., one which is brought by "either the employee or the employer ... against such third person." And, in such an action, "the other may, at any time before trial on the facts, join as party plaintiff." In construing this statute we are "not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language." (*People v. One 1940 Ford V-8 Coupe* (1950) 36 Cal.2d 471, 475 [224 P.2d 677].)

■ Finally, Gelson's claims that if section 3853 is allowed to operate as we construe it here, it would violate equal protection and due process rights. Not so.

Gelson's equal protection argument is based on the premise that section 3853 creates two classes of plaintiffs—"those injured during the course and scope of employment and those injured elsewhere." Even assuming the dubious proposition that such a classification has been made, we do not find it unconstitutional. Because section 3853 does not impinge upon a suspect group or fundamental interest, we will uphold the statute "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." (*Vance v. Bradley* (1979) 440 U.S. 93, 97 [59 L.Ed.2d 171, 176, 99 S.Ct. 939]; see also *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 16-17 [112 Cal.Rptr. 786, 520 P.2d 10].) The Legislature enacted workers' compensation laws with the express purpose of extending special protection to those "persons injured in the course of their employment." (§ 3202; *Quinn v. State of California* (1975) 15 Cal.3d 162, 170 [124 Cal.Rptr. 1, 539 P.2d 761].) The intervention provision of section 3853 is clearly related to and in furtherance of this legitimate goal. Since the claims of both employer and employee are

based upon the employee's injury, they stand in the same relationship to the alleged third party tortfeasor. Section 3853 recognizes this by permitting the timely filing by one to satisfy the statute of limitations as to both claims arising from the same injury. Section 3853 is not an irrational legislative action.

Nor have Gelson's due process rights been violated. We do not share Gelson's concern that allowing an employee to intervene in a timely lawsuit more than one year after his injury would hamper or preclude a third party tortfeasor from conducting effective investigation and discovery. The employee's claim is based upon the identical personal injury that the insurer is suing on. As the California Supreme Court has stated, "Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." (*County of San Diego* v. *Sanfax Corp.,* *supra*, 19 Cal.3d 862, 874.)

The petition for a writ of mandate is granted.

Kaufman, Acting P. J., and McDaniel, J., concurred.