[Civ. No. 65252. Second Dist., Div. Five. Oct. 21, 1982.]

CAROL BUELL, Plaintiff, Intervener and Appellant, v.
CBS, INC., Defendant and Respondent;
ARGONAUT INSURANCE COMPANY, Intervener and Respondent.

COUNSEL

Michael R. Cully and Carter J. Stroud for Plaintiff, Intervener and Appellant.

Sheilds & Meyer, Shields, Anderson & Garrison and Edwin D. Colen for Defendant and Respondent.

No appearance for Intervener and Respondent.

## Opinion

**ASHBY, J.**—On May 2, 1977, appellant Carol Buell (Buell) filed a complaint against respondent CBS, Inc. (CBS), alleging that CBS' negligence caused her to injure herself on CBS' property. Buell did not, however, serve the complaint on CBS. On June 16, 1977, Argonaut Insurance Company (Argonaut), the workers' compensation carrier of Buell's employer, intervened in the Buell-CBS action by serving a complaint against CBS to recover worker's compensation payments awarded to Buell. CBS answered Argonaut's complaint in intervention, alleging among other things that Buell's own negligence had caused the accident. In February 1980, after initial discovery by CBS and Argonaut including the taking of Buell's deposition, CBS filed an at-issue memorandum in the case.

On October 26, 1981, CBS moved to dismiss Buell's complaint under Code of Civil Procedure section 581a for failure to serve her complaint within three years after commencement of her action. The motion was granted on January 5, 1982. Seven days later, Buell obtained leave to intervene in the Argonaut-CBS action pursuant to Labor Code section 3853 and filed a new complaint in intervention against CBS which essentially repeated the allegations of her original complaint. CBS demurred and moved to strike the complaint. The trial court sustained the demurrer based on the earlier dismissal without leave to amend, but without prejudice to Buell's right to bring a new and separate action. Buell timely appealed from both judgments of dismissal.

## Discussion

California workers' compensation laws allow both the employee and the employer[1] to sue a third party who may be responsible for the employee's injuries. (Lab. Code, § 3850 et seq.) In order to insure that both employee and employer recover their damages, regardless of who sues, and in order to enable the third party to settle all claims in only one lawsuit, the statutory scheme authorizes the employee and employer to intervene in each other's actions,[2] provides for mandatory consolidation

---

[1]A workers' compensation insurance carrier has the same right to sue as an employer. (Lab. Code, § 3850, subd. (b); *Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202, 206 [172 Cal.Rptr. 30].)

[2]Labor Code section 3853 states that "[i]f the action [against a third party] is brought by either the employer or employee, the other may, *at any time before trial on the facts*, join as a party plaintiff or shall consolidate his action, if brought independently." (Italics added.) As long as the employee intervenes before trial commences, her right to do so is unconditional. (*Jordan* v. *Superior Court, supra*, 116 Cal.App.3d 202, 207; see Code Civ. Proc., § 387, subd. (b).)

of their lawsuits, allows the employer to sue for the employee's damages, and grants employee and employer the right to share in each other's judgment or settlement. (Lab. Code, § 3850 et seq.; *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 872-875 [140 Cal.Rptr. 638, 568 P.2d 363].) The Supreme Court has held that the Legislature intended the actions to be so closely parallel to each other that "[s]ubstantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." (*County of San Diego* v. *Sanfax Corp., supra,* at p. 874.) We hold that under this legislative scheme, Buell should have been allowed to intervene in the Argonaut-CBS action whether or not she met the requirements of section 581a of the Code of Civil Procedure.

We are guided by recent decisions which considered the rights of employees and employers to intervene in each other's actions under section 3853 even though the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3) had run against them. In *County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d 862, the Supreme Court stated that "an employer can intervene in an employee action, even after the statute of limitations has run." (*Id.,* at p. 885.) And in *Jordan* v. *Superior Court, supra,* where the employee filed his complaint in intervention after the one-year statute had expired, the court held that section 3853 was clearly intended to modify the one-year limitations period to allow employee intervention in the employer's timely filed action more than one year after the injury; a contrary result "would have the effect of deleting the words 'at any time before trial on the facts' from the statute . . . ." (*Jordan* v. *Superior Court, supra,* 116 Cal.App.3d at p. 208.) ■ *Sanfax* and *Jordan* clearly establish that the right of employer and employee to intervene in the timely filed action of the other is not dependent upon their own compliance with the statute of limitations. (See also *Harrison* v. *Englebrick* (1967) 254 Cal.App.2d 871, 875 [62 Cal.Rptr. 831]; *State Comp. Ins. Fund* v. *Matulich* (1942) 55 Cal.App.2d 528 [131 P.2d 21]; *State Compensation Ins. Fund v. Allen* (1930) 104 Cal.App. 400, 406 [285 P. 1053].)

We can see no distinction between the reasoning and result in *Jordan* and *Sanfax* and the instant stituation. In both cases, the legislative intent to allow recovery of the totality of damages in one lawsuit would be defeated by permitting a limitations period to cut off the employee's right to intervene in the employer's diligently litigated action. (See *Smith* v. *County of Los Angeles* (1969) 276 Cal.App.2d 156, 164 [81 Cal.Rptr. 120].) As in *Jordan,* the result reached below would have the effect of deleting the express language of section 3853 by converting an unconditional right to intervene into a conditional right. In any case, dismissal under section 581a for failure to serve the complaint is not a dismissal on the merits and has

never precluded a plaintiff from filing new pleadings in the same or a different action, providing he can meet the applicable statute of limitations. (*Rhode* v. *National Medical Hosp.* (1979) 93 Cal.App.3d 528, 539 [155 Cal.Rptr. 797]; *Elling Corp.* v. *Superior Court* (1975) 48 Cal.App.3d 89, 96 [123 Cal.Rptr. 734].) Thus, appellant Buell should have been permitted to intervene.

In light of the similarity of employer and employee actions under our statutory scheme, we find CBS' assertion of prejudice because of the need for additional discovery unpersuasive. Argonaut's complaint, to which CBS has fully responded, involves the same personal injury claim as Buell's complaint. The *Jordan* court, in affirming the right to intervene despite the fact that the employer had not pleaded a claim for general damages on the employee's behalf, stated, "We do not share [the third party's] concern that allowing an employee to intervene in a timely lawsuit more than one year after his injury would hamper or preclude a third party tortfeasor from conducting effective investigation and discovery. The employee's claim is based upon the identical personal injury that the insurer is suing on." (*Id.*, 116 Cal.App.3d at p. 211.) Argonaut's diligent prosecution of this action sufficiently insures that Buell's action in intervention will likewise be diligently litigated. (*Rhode* v. *National Medical Hosp.*, *supra*, 93 Cal.App.3d 528, 538.) We also note that CBS knew of the existence of Buell's complaint as soon as Argonaut filed its own complaint in intervention, which incorporated the major portions of Buell's complaint by reference. CBS's assertion of prejudice is unconvincing.

CBS' reliance on *Floyd Neal & Associates, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 734 [140 Cal.Rptr. 301], is misplaced. In *Neal*, this court sustained a dismissal under section 581a where the employee attempted to intervene in his employer's action which itself had not been served and returned within a three-year period. In *Neal*, neither action was viable; in the instant case, however, Argonaut served the summons on its complaint and made the return in time. We hold that Buell's complaint in intervention should not have been dismissed because she may have failed to meet the requirements of section 581a.

We find it unnecessary to consider whether for purposes of section 581a, CBS' answer to Argonaut's complaint in intervention constituted a general appearance in Buell's action. Since Buell's claim may proceed under her present complaint in intervention, the earlier dismissal of her original complaint has become moot.

The appeal from dismissal of Buell's first complaint is dismissed; the order of dismissal of her complaint in intervention is reversed, and the action is remanded to the superior court for further disposition in accordance with this opinion.

Feinerman, P. J., and Hastings, J., concurred.