[No. B024656. Second Dist., Div. Seven. Nov. 23, 1987.]

HOME INSURANCE COMPANY, Plaintiff, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT,
Defendant and Respondent;
BART LEE MATTHEWS, Intervener and Appellant.

**COUNSEL**

Lewis, Marenstein & Kadar and Jean Corey for Intervener and Appellant.

Liebman & Reiner, John W. Evans and Gaylen C. Eriksen for Defendant and Respondent.

**OPINION**

**JOHNSON, J.—** The law is clearly established that when an employer or its insurer files a timely action against a tortfeasor to recover workers' compensation paid to an injured employee, the employee may intervene to

recover damages for personal injury even if the complaint in intervention is not filed within the statute of limitations. (*Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202 [172 Cal.Rptr. 30]; *State Comp. Ins. Fund* v. *Matulich* (1942) 55 Cal.App.2d 528 [131 P.2d 21]; *State Comp. Ins. Fund* v. *Allen* (1930) 104 Cal.App. 400 [285 P. 1053].)

The issue in the case before us is whether there should be an exception to this well-established rule where the tortfeasor is a government entity. We can find no basis for carving out such an exception and, therefore, conclude the trial court erred in dismissing the employee's complaint against the Southern California Rapid Transit District.

### FACTS AND PROCEEDINGS BELOW

Bart Lee Matthews was injured when a Southern California Rapid Transit District (RTD) bus entered an intersection on a red light and struck his vehicle. Matthews was in the course and scope of his employment and driving a vehicle owned by his employer, API Alarm Systems.

Plaintiff Home Insurance Company insured API Alarm Systems for workers' compensation. On April 25, 1985, the insurer's representatives presented a claim for damages to the RTD. This claim was timely filed within the 100 days required by the claims statute (Gov. Code, § 911.2) and notified the RTD that API Alarm's employee, Bart Lee Matthews, was injured in the collision involving the RTD's bus. The RTD never acted on this claim.

On May 2, 1985, Matthews filed a workers' compensation claim against his employer, API Alarm Systems, and on May 16, 1985, presented a claim for damages to the RTD. This claim, also, was timely filed within the 100 days required by the claims statute and was rejected by the RTD on June 4, 1985.

On February 14, 1986, Home Insurance filed its complaint for damages resulting from the accident. This complaint was timely filed pursuant to Government Code section 945.6, subdivision (a)(2).

Pursuant to Labor Code section 3853,[1] Matthews intervened in the insurer's action. His complaint in intervention was filed in March 1986, more than six months after the RTD rejected his claim and, thus, beyond the limitations period of Government Code section 945.6, subdivision (a)(1).

The RTD answered Matthews' complaint and moved for summary judgment on the ground his action was barred by the six-month statute of limitations. The trial court granted RTD's motion and entered judgment against Matthews. This appeal followed.

### DISCUSSION

■ If the defendant in this case were a private party instead of the RTD there would be no question that the statute of limitations was tolled by the timely filing of the insurer's action. (*Jordan* v. *Superior Court, supra,* 116 Cal.App.3d at pp. 207-208; *State Comp. Ins. Fund* v. *Matulich, supra,* 55 Cal.App.2d at pp. 529-530; *State Comp. Ins. Fund* v. *Allen, supra,* 104 Cal.App. at pp. 405-406.)

*Jordan* and the earlier cases cited, *ante,* clearly establish that the right of employers and employees to intervene in each other's timely filed actions is not dependent upon their own compliance with the statute of limitations. In *Jordan,* the insurer filed its complaint within one year of Jordan's injury, but Jordan filed his complaint-in-intervention more than one year after his injury. The third party defendant contended, and the trial court ruled, that Jordan's action was barred by the statute of limitations. The Court of Appeal reversed, saying: "A second argument made by [the defendant] is that the Legislature did not intend section 3853 'to control or modify the one year statute of limitations for personal injury.' We conclude, however, that the legislative intent is clear that section 3853 should so operate." (116 Cal.App.3d at p. 207.)

The *Jordan* court traced the history of Labor Code section 3853, noting various changes in the law, and as to the provision that intervention may be

---

[1] Labor Code section 3853, provides: "If either the employee or the employer brings an action against such third person, he shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought by personal service or registered mail. Proof of such service shall be filed in such action. *If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff* or shall consolidate his action, if brought independently." (Italics added.)

had "at any time before trial," said: "The language change shows a purposeful legislative intent to specially regulate the time in which a complaint-in-intervention can be filed. Moreover, to have Section 3853 interventions limited by the one year limitation period would have the effect of deleting the words 'at any time before trial on the facts' from the statute for any case that goes to trial more than one year after the employee's injury, which, in practical effect, is every case." (116 Cal.App.3d at p. 208.)

In claiming suits against government entities should be treated differently, the RTD relies on *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844 [114 Cal.Rptr. 518] and *Pacific Tel. & Tel. Co.* v. *County of Riverside* (1980) 106 Cal.App.3d 183 [165 Cal.Rptr. 29]. Those cases are easily distinguished from the case before us. In *Roberts* and *Pacific Tel.* the courts rejected the employees' actions because they had not filed timely *claims* against the government entities, not because they had failed to commence timely suits. (*Roberts, supra,* 39 Cal.App.3d at pp. 847-848; *Pacific Tel., supra,* 106 Cal.App.3d at p. 192.) The court in *Pacific Tel.* clearly differentiated between a case where the employee failed to file a timely claim and a case, such as the one before us, where the employee failed to file a timely complaint.

"The fact that the employer's filing suit might have tolled the statute of limitations as to widow's action against the County does not mean that the employer's filing of a claim for reimbursement of workers' compensation benefits relieved her of the necessity of filing a claim for damages for wrongful death. As previously noted, the purpose of the claims statute is to 'provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, 455.) As already indicated, the claim filed by the employer did not fulfill the purposes of the claims statute with respect to the widow's claim for damages for wrongful death." (106 Cal.App.3d at p. 192.) The court concluded: "The claims filing requirement does not abrogate the right [to intervene under § 3853]; it merely conditions the availability of [intervention] where the third party is a governmental entity." (*Id.,* at p. 193.) In our case, Matthews met that condition by filing a timely claim.

The RTD suggests no reason why, a timely claim having been filed, section 3853 should not apply to suits against government agencies just as it applies to suits against private persons. We perceive no reason why the two

situations should be treated differently. Therefore, we conclude it was error to grant the RTD summary judgment on statute of limitations grounds.

## DISPOSITION

The judgment against plaintiff-in-intervention, Bart Lee Matthews, is reversed. Appellant is awarded costs on appeal.

Lillie, P. J., and Thompson, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 4, 1988.