[No. A056187. First Dist., Div. Four. Oct. 5, 1992.]

KINGSLEY MAR, Plaintiff, v.
SAKTI INTERNATIONAL CORPORATION et al., Defendants and
Respondents;
WELLS FARGO BANK, N.A., Movant and Appellant.

**COUNSEL**

Carnes and Dibble and Thomas M. Carnes for Movant and Appellant.

Ghidella & Carmody and Janet L. Holmes for Defendants and Respondents.

## Opinion

**POCHÉ, J.**—If an employee injured in the course of his or her employment by a third party commences an action against that third party, Labor Code section 3853 grants the employee's employer an unconditional right to intervene in the action "at any time before trial on the facts." **(1a)** We hold that if an employer makes a pretrial motion to become a party to such a pending action, the employer has, as a matter of law, satisfied the "upon timely application" requirement in Code of Civil Procedure section 387 governing intervention in general.[1]

### Background

In November of 1989 Kingsley Mar was struck by masonry that fell from a San Francisco building damaged in the Loma Prieta earthquake of a month earlier. At the time he was injured Mar was working within the course and scope of his employment with Wells Fargo Bank. Industrial Indemnity Company, the workers' compensation carrier for Wells Fargo, paid Mar statutory workers' compensation benefits. Wells Fargo paid the difference between those benefits and Mar's full salary during his convalescence.

Just before the one-year statute of limitations expired, Mar filed a complaint for damages. Named as defendants were the owner and the manager of the building, as well as two firms engaged in repairing the earthquake damage at the time Mar was injured. That same month, November of 1990, Industrial Indemnity filed a complaint in intervention to recover the amount of the benefits it had paid to Mar.

Assigned to the "fast track," Mar's action was set for trial on September 23, 1991. A settlement conference was held 10 days before that date. Wells Fargo submitted a settlement conference statement to the effect that it "has paid a total of $67,460.49 to Mr. Mar as a result of the accident over and above his statutory workers' compensation benefits. The Bank expects these to be repaid and will augment the pending Complaint in Intervention filed on the part of Industrial Indemnity, as the Bank's insurance carrier." On September 18th Mar and the defendants—aware of Wells Fargo's looming interest[2]—all reached a settlement of Mar's action.

Upon learning of the settlement Wells Fargo moved promptly to protect its interests. On September 19th its attorneys formally associated themselves

---

[1]Unless otherwise indicated, all further statutory references to section 3853 are to the Labor Code and references to section 387 are to the Code of Civil Procedure.

[2]The written agreement (which was not finalized until more than two months later) states that, in addition to Industrial Indemnity, "Wells Fargo Bank has belatedly asserted a claim for reimbursement of sums paid to Mar." One of the defendants and its insurance carrier agreed to indemnify and hold harmless Mar and the other defendants "from any and all claims made

with counsel for Industrial Indemnity which that same day filed an amended complaint in intervention that sought recovery of the sums paid to Mar by Wells Fargo. After defendants had this amended complaint stricken (on the ground that prior leave for its filing had not been obtained), Wells Fargo moved for leave to intervene in the action. On December 16th, the reset trial date, the trial court filed an order denying Wells Fargo leave on the ground that Wells Fargo "offered no excuse for its delay in asserting the claims set forth in the proposed Complaint in Intervention."

Wells Fargo thereupon perfected this timely appeal from the order.

## REVIEW

Section 387 governs intervention in general, both permissive (in subdivision (a)) and as of right (in subdivision (b)). Regardless of category, intervention is allowed only "upon timely application" to the trial court. The pertinent portions of section 387 provide:

"(a) Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . .

"(b) If any provision of law confers an unconditional right to intervene . . . the court shall, *upon timely application*, permit that person to intervene." (Italics added.)

Section 3853 specifies in relevant part that "[i]f either the employee or the employer brings an action against such third person [i.e., who caused the employee to suffer injuries], he shall forthwith give to the other a copy of the complaint . . . . . If the action is brought by either the employer or employee, the other may, *at any time before trial on the facts*, join as party plaintiff or shall consolidate his action, if brought independently." (Italics added.)

The issue presented, which appears to be one of first impression, is how the timeliness of an application to intervene such as Wells Fargo's, is to be determined.

---

. . . by intervenor Industrial Indemnity and by Wells Fargo Bank (although the latter is not a party to the action), relating to compensation benefits, supplemental wages and separation pay benefits paid to [Mar] by Industrial Indemnity and/or Wells Fargo Bank," and to "provide . . . a defense to any action pursued by Industrial Indemnity and/or Wells Fargo Bank to collect reimbursement for said compensation benefits, supplemental wages and separation pay benefits paid to [Mar]." Mar and his attorneys assigned to the designated defendant "any and all rights they may have against Industrial Indemnity and/or Wells Fargo Bank to defenses, claims for set-offs and credits."

Relying on a literal reading of section 3853, Wells Fargo claims that it had an absolute right to intervene because the scheduled trial had not yet begun. The defendants to Mar's action, appearing as respondents herein, contend that any application for intervention must satisfy the timeliness requirement of section 387. They argue that the trial court here could properly conclude that Wells Fargo's move to join the litigation was untimely.

Because subdivision (b) of section 387 and section 3853 concern a common subject—intervention as of right—each is to be construed with reference to the other. (See *Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 12 [255 Cal.Rptr. 412, 767 P.2d 679].) Our duty is to harmonize the two in such a way that no part of either becomes surplusage. (*Woods* v. *Young* (1991) 53 Cal.3d 315, 323 [279 Cal.Rptr. 613, 807 P.2d 455].) Establishing a compatible interplay between these statutes is not complicated.

■ Subdivision (b) of section 387 speaks to situations where a "provision of law confers an unconditional right to intervene" that may be exercised "upon timely application." The first of these phrases is obviously intended to operate as an incorporation by reference of the numerous statutes such as section 3853 which grant a right to become a party to pending litigation. Subdivision (b) does not define what is "timely application," nor does it furnish a standard by which the requisite timeliness is to be measured. The relevant statute granting the right to intervene in a particular situation must be consulted to determine whether it addresses the timeliness issue. If it does not, or if it merely replicates the language of section 387 (e.g., Civ. Code, § 52 [Attorney General may intervene "upon timely application" in action involving claimed violation of equal protection]), it should be deemed to refer the issue back to the discretionary standard of section 387. The same is true if the statute conferring a right of intervention makes express reference to section 387 (e.g., Code Civ. Proc., § 491.430 [lienholder allowed to intervene "pursuant to Section 387" to attach property]; Rev. & Tax. Code, § 538 [persons affected by specified tax assessment allowed to intervene "under Section 387 of the Code of Civil Procedure"]).

If, on the other hand, the statute which "confers an unconditional right to intervene" also provides a standard of timeliness, both the right and the standard are to be treated as incorporated into subdivision (b) of section 387 (e.g., Code Civ. Proc., § 751.12 [person interested in destroyed land records may intervene "At any time within three months after the first publication of the summons, or such further time not exceeding 30 days as the court for good cause may grant"]; Wat. Code, § 2780 [interested person may intervene in action to affirm determination of water rights made by State Water Resources Control Board "at least 10 days prior to the date set for hearing by

the court or within such further time prior to the decree as the court may allow"]). Also incorporated into subdivision (b) is a timeliness standard that is itself incorporated by reference by the statute conferring the right to intervene. An example of this is Government Code section 21453 which confers upon the Attorney General seeking to recover amounts paid on behalf of injured public employees the right to intervene "in the same manner and to the same extent[ as] provided in Chapter 5 (commencing with Section 3850) . . . of the Labor Code."

If sections 387 and 3853 are read together in this fashion, Wells Fargo's application to intervene was clearly timely. Section 3853 provides that the unconditional right to intervene that it confers may be exercised "at any time before trial on the facts." This timeliness standard, as incorporated into subdivision (b) of section 387, constitutes the governing rule of decision. Although Mar and defendants had settled, there still remained for trial Industrial Indemnity's complaint to recover the amount of workers' compensation benefits it had paid to Mar. Wells Fargo's application was therefore timely as a matter of law. Any other result would turn the plain language of section 3853—"at any time before trial on the facts"—into meaningless surplusage. The trial court here thus had no discretion to disregard the express command of that statute and refuse Wells Fargo leave to become a formal party to the pending action.

We hold only that Wells Fargo was entitled to be granted leave to file its proposed complaint in intervention. Once filed that complaint will be subject to whatever defenses and procedural objections defendants may choose to assert, just as happened in *State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co.* (1989) 210 Cal.App.3d 740 [258 Cal.Rptr. 545]. There the Court of Appeal, in affirming a dismissal for *delay of prosecution* (Code Civ. Proc., § 583.410) of a complaint in intervention by a workers' compensation carrier, made clear that the running of the five years of the mandatory dismissal statute was to be calculated not from the filing of the complaint in intervention, but from the date the underlying complaint was filed. The court explained: "This standard is consistent with the statutory scheme, with the observations of the Supreme Court in *County of San Diego* v. *Sanfax Corp.* [(1977) 19 Cal.3d 862 (140 Cal.Rptr. 638, 568 P.2d 363)], and implements the public policy favoring diligent prosecution of lawsuits. Thus this rule gives effect to Labor Code section 3853, authorizing a complaint-in-intervention after the statute of limitations would have otherwise run, but holds the intervener's feet to the fire, so to speak, with respect to vigorous prosecution of his claim." (*State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co.*, *supra*, at p. 755.) Nothing in this decision in any way diminishes the power of the courts to deal with procedural gamespersonship

as occurred in *Bishop* v. *Silva* (1991) 234 Cal.App.3d 1317 [285 Cal.Rptr. 910] where Justice Elia speaking for an unanimous court bluntly explained ". . . we cannot believe the Legislature intended to reward an employer or employee *whose action is subject to mandatory dismissal for failure to effect timely service* by permitting him to intervene back into the very litigation he set in motion—at a time well after the statute of limitations has expired." (Italics added.) (*Id.* at p. 1327.)

The order is reversed.

Reardon, J., concurred.

**ANDERSON, P. J.**—I respectfully dissent. Industrial Indemnity promptly filed its complaint in intervention in the same month plaintiff filed his original complaint. Wells Fargo, however, waited until just four days before the original trial date to attempt intervention. The trial court, in denying Wells Fargo's motion as untimely, obviously construed the words "upon timely application" of Code of Civil Procedure[1] section 387 as a limitation upon Wells Fargo's otherwise unconditional right to intervene pursuant to Labor Code section 3853. I believe both legislative history and established case law support that construction.

To begin with, it bears emphasis that the statutory phrase "upon timely application" became a part of section 387 by amendment in 1977. (Stats. 1977, ch. 450, § 1.) Prior to 1977, section 387 provided that "any time before trial" a person who has an interest in the matter in litigation may intervene in the action. Regardless of the exact wording of the section, timeliness has always been held one of the prerequisites for granting an application to intervene. (*Allen* v. *California Water & Tel. Co.* (1947) 31 Cal.2d 104, 108 [187 P.2d 393]; *Northern Cal. Psychiatric Society* v. *City of Berkeley* (1986) 178 Cal.App.3d 90, 109 [223 Cal.Rptr. 609].) By requiring all applications in intervention to be timely, section 387 is consistent with rule 24(b) of the Federal Rules of Civil Procedure after which it was patterned. Under the federal rule and case law "[w]hether intervention be claimed of right or as permissive, . . . the application must be 'timely.' If it is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to timeliness. . . ." (*NAACP* v. *New York* (1973) 413 U.S. 345, 365 [37 L.Ed.2d 648, 662, 93 S.Ct. 2591], fn. omitted.)

Moreover, the phrase "any time before trial" in former section 387 has been interpreted in *Sanders* v. *Pacific Gas & Elec. Co.* (1975) 53 Cal.App.3d

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

661 [126 Cal.Rptr. 415]. Rather than giving a literal meaning to the phrase (which is identical with the verbiage used in Lab. Code, § 3853), *Sanders* held that the main requirement of allowing intervention is timeliness. In its reasoning the court emphasized: "a right to intervene should be asserted within a *reasonable time* and that the intervener must not be guilty of an *unreasonable delay after knowledge of the suit.* [Citation.] [¶] The main purpose of intervention is to obviate delay and multiplicity of actions. [Citation.] . . . [A]n intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties. [Citation.]" (*Sanders* v. *Pacific Gas & Elec. Co., supra,* at pp. 668-669, italics in original.)

Likewise, case law demonstrates that under Labor Code section 3853 a party does not have an absolute, unconditional right to intervene before trial. On the contrary, the right to intervene is limited by the requirement of timeliness and diligence: *State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co.* (1989) 210 Cal.App.3d 740 [258 Cal.Rptr. 545] and *Bishop* v. *Silva* (1991) 234 Cal.App.3d 1317 [285 Cal.Rptr. 910].

In *Selma* the workers' compensation carrier of the employer filed the initial action the day before the statute of limitations expired. The employee intervened almost three years later. Both the insurer and the employee effected service just before expiration of the time limit measured from the filing of the initial complaint. Almost four years and ten months after the filing of the initial complaint, defendants moved to dismiss for delay in prosecution under the three-year discretionary dismissal statute. (§§ 583.410, 583.420, subd. (a)(2)(A).) The trial court granted the motion, dismissing both the initial complaint and the complaint in intervention, the latter having been filed less than three years earlier. The intervening employee argued on appeal that his time to bring the case to trial ran from the filing of his complaint in intervention and not from the filing of the initial complaint. The Court of Appeal disagreed by taking note that "one of the purposes of intervention is to avoid delay" and that the cases have always placed emphasis "on the obligation of a person who has a litigable claim to pursue the claim with alacrity and vigor and the strong public policy in favor of expediting and disposing of litigation." (*State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co., supra,* 210 Cal.App.3d at p. 754.) The *Selma* court concluded that "*the provisions of Labor Code section 3853 . . . permitting the intervener to file a complaint-in-intervention 'at any time before the trial* on the facts' *do not qualify or eliminate intervener's obligation to pursue his claim diligently* from the beginning. *The strong public policy in*

*favor of expediting the prosecution of claims still prevails. It operates as a limitation on the right of the intervener to maintain the lawsuit.*" (*Id.* at p. 755, italics added.) The *Selma* court finally observed that "this rule gives effect to Labor Code section 3853, authorizing a complaint-in-intervention after the statute of limitations would have otherwise run, but holds the intervener's feet to the fire, so to speak, with respect to vigorous prosecution of his claim." (*Ibid.*)

In *Silva* the employee initiated a lawsuit against an alleged third party tortfeasor. Pursuant to Labor Code section 3853, the employer's workers' compensation carrier intervened. When plaintiff's action was dismissed for failure to effect timely service, he sought to intervene in the insurance company's complaint in intervention, contending (as appellant does here) that he had an absolute right to do so under Labor Code section 3853. The trial court denied his motion to intervene, by adopting the holding in *Selma* and reiterating that "at any time before the trial" in the Labor Code does not eliminate the intervener's duty to pursue his claim diligently; the public policy in favor of expediting the procedure operates as a limitation on the intervener to maintain the lawsuit. (*Bishop* v. *Silva, supra,* 234 Cal.App.3d at p. 1326.) The court elaborated that "an employer or employee who initiates the lawsuit . . . cannot avoid the penalty for noncompliance with the mandatory service statutes by simply intervening back into the litigation and thereby benefitting from any extended service period available to the initial intervener. [¶] Intervention is allowed under Labor Code section 3853 'at any time before trial on the facts . . .' and even beyond the one-year statute of limitations. [Citations.] Nonetheless, we cannot believe the Legislature intended to reward an employer or employee whose action is subject to mandatory dismissal for failure to effect timely service by permitting him to intervene back into the very litigation he set in motion—at a time well after the statute of limitations has expired. We see no end to this procedural game, sometimes referred to as "leapfrog." [Citation.] We envision the employer intervening into the employee's suit, the dismissed employee intervening back into the employer's suit, the dismissed employer reintervening back into the employee's suit, and so on. We do not believe this scenario carries out the Legislature's intent in enacting either the service statutes or Labor Code section 3853." (*Id.* at p. 1327.)

Wells Fargo's reliance on *Buell* v. *CBS, Inc.* (1982) 136 Cal.App.3d 823 [186 Cal.Rptr. 455], *Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202 [172 Cal.Rptr. 30] and *Carden* v. *Otto* (1974) 37 Cal.App.3d 887 [112 Cal.Rptr. 749] is misplaced. *Buell* was disapproved in *Selma.* (*Bishop* v. *Silva, supra,* 234 Cal.App.3d at p. 1326.) Contrary to the bank's assertion,

*Jordan* did not hold that the intervention right granted by Labor Code section 3853 is unconditional, or at least not conditioned by the section 387 requirement of timeliness. Rather, it concluded that the words "any time before trial" in Labor Code section 3853 serve only " 'to control or modify the one year statute of limitations for personal injury' " (*Jordan* v. *Superior Court, supra,* 116 Cal.App.3d at p. 207) so as to allow intervention after the statutory period has run. Far from supporting the bank's position, the *Jordan* court (at least implicitly) confirmed the proposition that Labor Code section 3853 is subject to the timeliness requirement by making a point that the attempted intervention in that case was timely (*id.* at pp. 208-209). *Carden, supra,* is also distinguishable because it was decided before the requirement of timeliness was officially incorporated into section 387 by the 1977 amendment.

The bank's additional argument that as a matter of statutory interpretation Labor Code section 3853, as a special statute, must prevail over the general provisions of section 387 (§ 1859; *Green* v. *Community Redevelopment Agency* (1979) 96 Cal.App.3d 491 [158 Cal.Rptr. 126]) does not persuade me otherwise. Section 1859 provides that "In the construction of a statute the intention of the Legislature, and in the construction of the instrument the intention of the parties, is to be pursued, if possible; and when a general and [a] particular provision are inconsistent, the latter is paramount to the former. So *a particular intent will control a general one that is inconsistent with it.*" (Italics added.)

When properly harmonized (*Woods* v. *Young* (1991) 53 Cal.3d 315, 323 [279 Cal.Rptr. 613, 807 P.2d 455]), there is no inconsistency between the two disputed statutory sections and, hence, the specific versus general rule does not come into play. Labor Code section 3853 contains substantive provisions regarding intervention in third party tortfeasor actions, while section 387 prescribes the procedural safeguards as to how those rights must be exercised with due deference to the trial court's inherent power to ensure an orderly proceeding, to manage its own caseload and to control the conduct of the parties with concern for promoting expediency and efficiency in the judicial process.

For these reasons I would hold that interveners claiming a right to intervene under Labor Code section 3853 are subject to section 387's requirement of timeliness. Employers or employees intervening under Labor

Code section 3853 are granted a right to do so "at any time before trial." I would not abridge that right, but merely condition it upon the same requirement of reasonable diligence which any party faces in litigating its claims.