[No. H001543. Sixth Dist. July 9, 1987.]

TIMOTHY CHAMBERS et al., Plaintiffs, v.
SANTA CRUZ CITY SCHOOL DISTRICT et al., Defendants and
Respondents;
STATE COMPENSATION INSURANCE FUND, Intervener and
Appellant.

## Counsel

Richard A. Krimen, George S. Bjornsen, Paul Klein and Benjamin Cintz for Intervener and Appellant.

Holbrook, Lankes & Groff, David D. MacMillan, Gassett, Perry & Frank and Timothy R. Volkmann for Defendants and Respondents.

## Opinion

**AGLIANO, P. J.—** The issue before us is whether the complaint in intervention of a workers' compensation insurer was properly dismissed on the ground that the plaintiffs in the underlying third party tort action had failed to serve and return summons within the statutory three-year period. (Former Code Civ. Proc., § 581a, repealed by Stats. 1984, ch. 1705, § 3.)[1]

The intervener argues that the order dismissing its complaint was erroneous because Labor Code section 3853 permits intervention at any time before trial, because the court improperly failed to make factual findings

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

excusing the failure to serve defendants, and because defendants were estopped from asserting the dismissal statute.

We hold that where the plaintiff has failed to make timely service and return, the insurer may not thereafter intervene to prosecute the action on its own behalf.

*Facts*

Since a lack of timeliness in pursuing remedies is the determinative factor in these proceedings, we set forth the following abbreviated chronology of events:

■ ■■ ■■ ■■ Plaintiffs filed a complaint for personal injuries against defendants Santa Cruz City School District (School District) and Cardiff Pest Control (Cardiff) on January 14, 1981, followed by an amended complaint on March 5, 1981.[2] The State Compensation Insurance Fund (Fund), as a lien claimant, filed a notice of lien claim in July 1981, for workers' compensation benefits paid to plaintiffs. Amended notices of the lien claim were filed in March and May of 1982 and June of 1983.

Other than the complaint, the first amended complaint, and the four notices of lien claim, no further papers were filed in the action until August 29, 1984, i.e., more than three years after the amended complaint had been filed. (Later events revealed that no defendant had been served with a summons and complaint within the statutorily required three-year period.)

The August 29 filing was a notice of motion by plaintiffs' counsel for permission to withdraw from the case. The withdrawal motion, which was unopposed, was granted on October 10, 1984.

On December 3, 1984, the Fund filed a notice of motion for leave to intervene to recover damages from defendants for workers' compensation benefits paid to plaintiffs. The intervention motion, which was unopposed, was granted on January 7, 1985, under the authority of Labor Code section 3853. A complaint in intervention was filed on the same day. (When it granted the intervention motion, the court apparently was unaware that the original plaintiffs had not perfected service on any defendant.)

---

[2] The only significant difference between the original and amended complaints is that the amended complaint added a new plaintiff. Therefore, "when a new party is added to the action, the action commences as to him on the date of the order adding him as a party or on the date of filing of the pleading naming him as a new party." (*Warren* v. *Atchison, T. & S.F. Ry. Co.* (1971) 19 Cal.App.3d 24, 38 [96 Cal.Rptr. 317].) As applied to the present case, the two months' difference in filing dates has no effect on the outcome.

Both defendants answered the complaint in intervention and filed cross-complaints against each other. Cardiff did so on May 23, 1985, the School District on May 28, 1985. (Both cross-complaints were eventually answered but no defendant ever filed an answer to the underlying personal injury complaint.)

The Fund filed an at issue memorandum on July 23, 1985, indicating that all essential parties had been served with process or had appeared and that the action was at issue. The next day, Cardiff filed a counter at issue memorandum, indicating that all essential parties had *not* been served with process or appeared and that the action was *not* at issue. On August 6, 1985, the School District filed a similar counter at issue memorandum and posted $100 as a jury fee deposit.

Cardiff, on September 20, 1985, filed a notice of motion to dismiss the principal complaint on the ground that Cardiff had not been served with a summons and complaint within three years after the action had commenced. (The motion was made under §§ 583.210 and 583.250, which were the most recently enacted statutory pronouncements on the subject.) On October 4, 1985, the School District filed a similar motion. (Neither defendant explicitly sought dismissal of the complaint in intervention.)

At a hearing on October 21, 1985, the court determined that no service had been made within the statutorily required three-year period. Accordingly, the court ruled that the principal complaint and the complaint in intervention had to be dismissed. "The reality is that I have no jurisdiction," the court explained, "The law is mandatory in this area." In support of a motion for reconsideration, counsel for intervener declared that, on May 17, 1985, he agreed to an extension of time for defendants to plead to the complaint in intervention, but only on condition that each defendant "answer" the complaint and not file any other pleading. Additionally he described his efforts to learn the identity of the current attorneys for the original plaintiffs, beginning on April 25, 1984, and said that he filed the motion to intervene because plaintiffs' attorney of record had withdrawn. Both the April 25, 1984, and May 17, 1985, dates, of course, were more than three years past March 5, 1981, the date of the original plaintiffs' amended complaint.

At the hearing on his motion, on November 26, 1985, counsel for intervener argued that defendants' agreement to answer was a submission to the court's jurisdiction and that the difficulty in locating plaintiffs' attorneys made it impracticable under the statute for him to have acted earlier than he did.

The court denied the motion for reconsideration and granted the motion to dismiss the complaint in intervention, reiterating a lack of jurisdiction: "I don't like these results, never have, but on the original case, of course, the statute ran and there is nothing that can be done to breathe life back into it, so we are just caught in a situation." On January 13, 1986, the written order of dismissal was signed and filed. This appeal followed in timely fashion. (No original plaintiff has appealed.)

### The Three-Year Dismissal Statute

■ The purpose of the statute requiring dismissal for failure to serve a summons and complaint within three years is to move suits expeditiously towards trial and to promote trial before evidence is lost, destroyed or unavailable. (See *Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 152 [216 Cal.Rptr. 405, 702 P.2d 563].)

■ At the time the original complaint was filed, former section 581a was in effect. The statute had been interpreted by *Floyd Neal & Associates, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 734, 739 [140 Cal.Rptr. 301] (*Floyd*), as mandating dismissal of a complaint in intervention filed after the principal plaintiff had failed to serve the defendant within a three-year period. "Thus, while it is true that had the complaint in intervention been validly filed it would have become an independent action with a life of its own [citation], the court lacking power to order it filed after the expiration of three years, the clerk of the court could not breathe life into it merely by applying a file stamp to it." (*Ibid.*; see also *Buell* v. *CBS, Inc.* (1982) 136 Cal.App.3d 823, 827 [186 Cal.Rptr. 455] [impliedly endorsing the *Floyd* view, though reaching a different result on distinguishable facts].)

A few days after the principal complaint was filed in the present case, the Supreme Court took a relaxed view of the dismissal requirements of former section 581a. (See *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829].) A plaintiff's "reasonable diligence" in trying to effect service within the required period became the cornerstone of statutory analysis. As the *Hocharian* opinion announced, "[t]he decision whether or not to dismiss must be based on a balancing of the harm to the plaintiff if the motion is granted against the prejudice to the defendant if he is forced to defend the suit." (*Id.* at p. 724.)

Here, plaintiff's amended complaint was filed while the *Hocharian* interpretation of the dismissal statute was in effect. The Legislature, however, repudiated the *Hocharian* position in 1982. (See *Barrington* v. *A. H. Robins Co., supra,* 39 Cal.3d at p. 156.) The statutory changes (Stats. 1982, ch. 600, § 1, p. 2574) included a mandatory dismissal provision, on jurisdictional

grounds, unless a defendant was estopped from complaining or it would be impossible, impracticable, or futile for a party to comply due to causes beyond his control. Specifically excluded from the exceptions was a party's failure to discover relevant facts or evidence. (See former § 581a, subd. (f); see also *Valerio* v. *Boise Cascade Corp.* (1986) 177 Cal.App.3d 1212, 1217 [223 Cal.Rptr 592] [analyzing the exceptions].)

Three years after the amended complaint had been filed here, a period in which no summons and complaint had been served, former section 581a (as amended in 1982) thus required that no further proceedings be conducted in the case and that the case had to be dismissed except for specific, limited reasons.

The present case is governed by these provisions under a savings clause which was enacted when section 581a was repealed by Statutes 1984, chapter 1705, section 3. Section 583.160, part of the legislation enacted in 1984 (Stats. 1984, ch. 1705, § 5), refers to actions (like the present one) which had been commenced before January 1, 1985. A dismissal motion made within one year after that effective date is governed by the applicable law in effect immediately before January 1, 1985. Here, defendants' dismissal motions were filed on September 20 and October 4, 1985. Therefore, the procedures are governed by former section 581a, including 581a, subdivision (f), which repudiated the *Hocharian* case. (See *Tires Unlimited* v. *Superior Court* (1986) 180 Cal.App.3d 974, 979, 983 [226 Cal.Rptr. 25] ["We reject the suggestion that the trial court retained an inherent discretionary power not to dismiss notwithstanding this mandatory statutory language."])

For the present controversy, our best guide in interpreting the statute is *Floyd,* even though that case was decided before the enactment of section 581a, subdivision (f). In the *Floyd* case, on facts equivalent to those we have here, a worker was injured in a vehicle accident and sought workers' compensation benefits through his employer, without pursuing a lawsuit against the third party who allegedly caused the accident. The employer's insurance carrier, however, did file a subrogation action against the third party under Labor Code section 3852, with notice to the worker under Labor Code section 3853. But the insurer did not serve the third party with a summons and complaint until nearly three years after the lawsuit had begun and did not make a return of service within the required period. Then, nearly five years after he was injured, the worker filed a complaint in intervention under Labor Code section 3853 in the insurer's action against the third party. When the third party realized the insurer had failed to timely return the original summons and proof of service, the third party moved to dismiss both the complaint and the complaint in intervention. The trial court dismissed the complaint but denied dismissal as to the worker's complaint in

intervention. On appeal, the *Floyd* court determined that "a general appearance by a defendant after the three years have elapsed neither waives the provisions of section 581a, nor confers power on the court to do anything other than dismiss the action." (72 Cal.App.3d at p. 739.)

Since the statute barred further proceedings, *Floyd* properly held that the trial court lacked jurisdiction to do anything but dismiss the cause of action and lacked power to order the filing of the complaint in intervention. (72 Cal.App.3d at p. 739.)

Under former section 581a, subdivision (f), two exceptions limited a mandatory, jurisdictional dismissal, i.e., estoppel (former § 581a, subd. (f)(1)), and impossibility, impractability or futility (former § 581a, subd. (f)(2)). The statute makes no explicit mention of an intervening party, though an intervenor presumably could avail itself of those benefits where it must make service in the same manner as on the commencement of an original action. (See § 387, subd. (a).) But the condition precedent for either exception is a viable lawsuit at the time the supposed exception was generated. We must focus on conditions existing within the original three-year period of nonservice, and not try to resurrect litigation which is statutorily doomed because of noncompliance. Here, every event relied on by intervener to excuse statutory compliance occurred after the three-year period had run. The trial court thus properly concluded that it had no jurisdiction to do anything but dismiss the action.

We find no merit in intervener's further claim that Labor Code section 3853 permits it to avoid the consequences of nonservice. The same statute, however, proved unavailing in *Floyd*, just as it must be ineffectual here.

Judgment affirmed.

Brauer, J., and Capaccioli, J., concurred.