[No. G014805. Fourth Dist., Div. Three. Feb. 2, 1996.]

FAIRMONT INSURANCE COMPANY, Plaintiff, v.
RICHARD FRANK, Defendant and Respondent;
RONALD K. PHELPS, Intervener and Appellant.

## COUNSEL

Donald J. Townley and Eleanor Miller for Intervener and Appellant.

Hill, Genson, Even, Crandall & Wade and James A. Teel for Defendant and Respondent.

## OPINION

**RYLAARSDAM, J.**—May plaintiff intervene in his workers' compensation carrier's action, which was filed separately, after his own action was dismissed for failure to diligently prosecute? We hold he may not.

### STATEMENT OF FACTS

Plaintiff and appellant Ronald K. Phelps (Phelps) was involved in a motor vehicle accident with Richard Frank (Frank) while in the course and scope of plaintiff's employment. He received compensation for his injuries from Fairmont Insurance Company (Fairmont), his employer's compensation carrier.

In January 1989, Fairmont filed a complaint for subrogation against Frank. Phelps filed a separate complaint for his personal injuries against Frank in June 1989. Phelps's complaint against Frank was dismissed on November 5, 1992, for failure to prosecute. On November 12, Phelps filed a complaint in intervention in the Fairmont action pursuant to Labor Code[1] section 3853.

Frank demurred to the complaint and the demurrer was overruled. Frank subsequently filed a motion for summary judgment arguing Phelps could not

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

intervene in the workers' compensation carrier's action after his own personal injury action had been dismissed. The court granted the motion and Phelps appeals.

## DISCUSSION

Section 3853 provides: "If either the employee or the employer brings an action against such third person, . . . the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently." The issue here is whether Phelps may intervene in Fairmont's subrogation action after Phelps's own personal injury action had been dismissed for failure to prosecute. The cases are in conflict on this topic.

The first case to address the issue was *Buell* v. *CBS, Inc.* (1982) 136 Cal.App.3d 823 [186 Cal.Rptr. 455]. There, the injured plaintiff failed to effectuate timely service on the tortfeasor. The tortfeasor successfully moved to dismiss the action. Plaintiff then attempted to intervene in the workers' compensation carrier's action. The trial court denied Buell leave to intervene; the Court of Appeal reversed, relying on two decisions, *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363] and *Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202 [172 Cal.Rptr. 30]. These cases held section 3853 allowed the injured party to intervene in the compensation carrier's action even after the one-year statute of limitation for filing a personal injury action had expired. (*Buell* v. *CBS, Inc.*, *supra*, 136 Cal.App.3d at pp. 825-827.)

*Bishop* v. *Silva* (1991) 234 Cal.App.3d 1317 [285 Cal.Rptr. 910] next addressed the issue. There also, plaintiff's complaint against the tortfeasor was dismissed for failure to serve the tortfeasor in a timely manner. Plaintiff then unsuccessfully sought leave to intervene in the workers' compensation carrier's action. The *Bishop* court declined to follow *Buell*, noting that, since the time of *Buell*, the Legislature had amended the service statutes, adopting a rigid scheme, ". . . setting forth very limited exceptions to the time requirements for service and entirely excluding plaintiff's diligence from the equation." (*Id.* at p. 1325.) The court further noted that the purpose of the service statute is " 'to move suits expeditiously towards trial and to promote trial before evidence is lost, destroyed or unavailable.' " (*Ibid.*, quoting *Chambers* v. *Santa Cruz School Dist.* (1987) 193 Cal.App.3d 518, 522 [238 Cal.Rptr. 356]; see also Code Civ. Proc., § 583.250, subd. (b).)

The *Bishop* court also relied on *State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co.* (1989) 210 Cal.App.3d 740 [258 Cal.Rptr.

545]. There, the court dismissed both the plaintiff employee's complaint as well as the workers' compensation carrier's complaint. The court noted, ". . . the provisions of Labor Code section 3853 . . . permitting the intervener to file a complaint-in-intervention 'at any time before the trial on the facts' do not qualify to eliminate intervener's obligation to pursue his claim diligently from the beginning. The strong public policy in favor of expediting the prosecution of claims still prevails. It operates as a limitation on the right of the intervener to maintain the lawsuit." (*Id.* at p. 755.)

■ We agree with the reasoning in *Bishop*. As the *Bishop* court stated, "The rule we adopt today holds the initial litigant's feet to the fire: . . . [W]e do decide that an employer or employee who initiates the lawsuit, such as the plaintiff here, cannot avoid the penalty for noncompliance with the mandatory service statutes by simply intervening back into the litigation and thereby benefiting from any extended service period available to the initial intervenor. [¶] [W]e cannot believe the Legislature intended to reward an employer or employee whose action is subject to mandatory dismissal for failure to effect timely service by permitting him to intervene back into the very litigation he set in motion . . . ." (*Bishop* v. *Silva*, *supra*, 234 Cal.App.3d at p. 1327.)

The judgment in favor of respondent Frank is affirmed. Respondent to recover his costs on appeal.

Sills, P. J., and Crosby J., concurred.