Filed 5/16/23  Ammec Investments, Inc. v. Ifaomilekun, LLC CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| AMMEC INVESTMENTS, INC., <br><br> Cross-complainant and Appellant, <br><br> v. <br><br> IFAOMILEKUN, LLC, <br><br> Cross-defendant and Respondent. | B314854 <br><br> (Los Angeles County Super. Ct. No. BC669147) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura A. Seigle, Judge.  Affirmed.

Law Offices of Robert A. Brown and Robert A. Brown for Cross-complainant and Appellant.

No appearance for Cross-defendant and Respondent.

_____

Ammec Investments, Inc., sued by Cindy Martin, filed a cross-complaint in September 2017 against Martin and, among others, Ifaomilekun, LLC.  In June 2021 the trial court granted Ifaomilekun's motion to dismiss it from Ammec's cross-action for failure to serve the summons and cross-complaint within three years as required by Code of Civil Procedure section 583.250.[1]  On appeal Ammec contends the trial court abused its discretion in granting the motion because the three-year statutory period was tolled for the first 11 months of the COVID-19 pandemic when service of process was impossible or impracticable and because Ifaomilekun's motion raised issues going to the merits of the cross-complaint and thus constituted a general appearance.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Ammec's Cross-complaint and the Order To Show Cause for Failure To Timely Serve*

Martin filed a complaint to quiet title and for cancellation of instruments against Ammec on July 19, 2017.  On September 11, 2017 Ammec filed a cross-complaint against Martin and a number cross-defendants, including Ifaomilekun. The cross-complaint alleged, in part, that Ifaomilekun had fraudulently obtain two deeds of trust securing loans made by Ammec to Martin.  Eventually, as a result of settlements and tactical decisions, Martin's complaint and Ammec's cross-complaint as to Martin and all cross-defendants other than Ifaomilekun were dismissed.

On April 3, 2020, because of the COVID-19 pandemic, the trial court vacated the May 26, 2020 trial date and continued the

---

[1]     Statutory references are to this code.

trial setting conference to June 16, 2020.  The trial setting conference was thereafter continued several more times.

On January 21, 2021, after the case had been reassigned to a new department, the court observed that Ammec had not yet served Ifaomilekun and issued an order to show cause why Ifaomilekun should not be dismissed.  In response Ammec filed a proof of service, dated February 19, 2021, indicating Ifaomilekun had been served by certified mail at a Delaware address with the summons, cross-complaint and statement of damages.

At a hearing on February 25, 2021 the court pointed out that the proof of service "does not state when service was made" and that "Ammec has not shown that Ifaomilekun is an out-of-state resident who can be served by mail."  The court continued the hearing to March 26, 2021.  Ammec then filed a proof of service showing that Ifaomilekun had been personally served through its agent for service of process, CSC-Lawyers Incorporating Service, at a Sacramento address on March 17, 2021.

On March 26, 2021 the court again continued the hearing on the order to show cause to April 5, 2021 to allow Ammec to explain why Ifaomilekun was not served "within 3.5 years." That hearing was continued to May 7, 2021.

2. *Ifaomilekun's Motion To Dismiss*

On April 12, 2021 Ifaomilekun moved to dismiss the cross-complaint for Ammec's failure to serve it within three years. Ifaomilekun acknowledged it had finally been served on March 17, 2021 but argued that date was past the mandatory three-year period for service of the cross-complaint.  In addition, Ifaomilekun asserted Ammec's purported February 2021 service by mail at its Delaware office (also beyond three years) was

3

improper because its agent for service of process was located in Sacramento. Ifaomilekun's motion also questioned the substantive merit of the two remaining causes of action against it, contending Greta Curtis, the president of Ifaomilekun, who had been dismissed by Ammec, was an indispensable party and the Martin-Ammec settlement eliminated any potential liability Ifaomilekun might have had to Ammec.

In its opposition Ammec argued Ifaomilekun had made a general appearance by seeking a merits-based "discretionary dismissal" through its motion, which it termed an improperly labeled demurrer or motion for summary judgment. In a declaration attached to the opposition, Ammec's counsel challenged the argument that Ifaomilekun's agent for service of process was located in California and insisted the delay in serving the summons and cross-complaint was due to, and should be excused because of, the outbreak of the COVID-19 pandemic.

At the hearing on May 7, 2021 the trial court, referring to the "3.5 years" period it had identified in the order to show cause, explained "it had assumed the emergency orders had extended the time limit in section 583.210 by six months" and conceded "that the court had not found any such emergency order." The court discharged the order to show cause, continued the hearing on Ifaomilekun's motion to dismiss so Ammec would have sufficient notice and time to respond and requested supplemental briefs on whether the three-year time limit in which to serve a party had been extended because of the COVID-19 pandemic.

Ammec submitted a supplemental brief arguing "the three year period was tolled from March 2020 through about March 2021 because of executive orders for stay-at-home and shelter-in-place in California and Delaware which applied to

4

Ifaomilekun's service locations." Attached to the supplemental opposition was Governor Newsom's Executive Order No. N-33-20 (Mar. 19, 2020), various City of Sacramento health and safety orders issued between August 31, 2020 and June 1, 2021, and a February 19, 2021 declaration of emergency issued in Delaware.[2]

The trial court granted the motion to dismiss on June 23, 2021 and entered a signed order of dismissal the same day. In a four-page minute order the court explained, "Ammec submits no evidence that it tried to effect service in the three-year period but could not find a process server to effect service due to the pandemic. The registered agent in California for Ifaomilekun is CSC-Lawyers Incorporating Service, Inc., meaning that Ammec simply needed to have the complaint and summons delivered to its office. Ammec did not show that CSC-Lawyers Incorporating Service, Inc. was closed during the period from March 2020 through March 2021. Ammec did not show that it had made any effort to serve Ifaomilekun before the January 21, 2021 hearing . . . when the Court raised the issue of Ifaomilekun's lack of service and set an Order to Show Cause regarding dismissal of Ifaomilekun."

The trial court emphasized that the emergency orders attached to the supplemental opposition "do not state that process servers were prohibited from serving complaints or registered agents were not allowed to be open to accept service through March 16, 2021. During that time, the orders allowed businesses . . . to function with social distancing and occupancy

---

[2] Ammec's request that we take judicial notice of the emergency orders, made in the middle of its opening brief rather than in a separate motion as required by California Rules of Court, rule 8.252(a), is denied as unnecessary.

5

requirements. The courts were open for most of that year, and lawyers were filing and serving documents, making appearances and conducting trials. . . . Indeed, Ammec actively litigated this case in the period through March 2021, including briefing and arguing a summary judgment motion. Therefore, Ammec did not show that service on Ifaomilekun was impossible or impracticable due to causes beyond Ammec's control during the three-year period."

Ammec filed a timely notice of appeal.

## DISCUSSION

1. *Ammec Failed To Demonstrate Its Failure To Serve Ifaomilekun Was Excused by the COVID-19 Pandemic*

a. *Governing law and standard of review*

"Section 583.210, subdivision (a), provides that a summons and complaint 'shall' be served upon a defendant within three years after the action is commenced. Section 583.250, in turn, provides that the action 'shall' be dismissed if service is not made within the statutorily prescribed time and that the foregoing requirements 'are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute.'" (*Watts v. Crawford* (1995) 10 Cal.4th 743, 748; accord, *Steciw v. Petra Geosciences, Inc.* (2020) 52 Cal.App.5th 806, 811.) Section 583.240 provides, however, for the tolling of the three-year period under certain circumstances, such as when the defendant was not amenable to the process of the court or service was impossible, impracticable or futile due to causes beyond the plaintiff's control.

"The purpose of Code of Civil Procedure section 583.210 is to give a defendant timely notice of the action so that the defendant can take adequate steps to preserve evidence.

6

[Citation.] 'The excuse of impossibility, impracticability, or futility should be strictly construed' to foster this purpose." (*Damjanovic v. Ambrose* (1992) 3 Cal.App.4th 503, 510.) "The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.'" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731.)

We review an order dismissing the defendant for failure to serve the complaint within three years for abuse of discretion. (See *Busching v. Superior Court* (1974) 12 Cal.3d 44, 53 [predecessor to section 583.250]; *Republic Corp. v. Superior Court* (1984) 160 Cal.App.3d 1253, 1258 [same].)

      b. *Ammec failed to present evidence service on Ifaomilekun was impossible or impracticable due to COVID-19 emergency orders*

Ammec contends on appeal, as it did in the trial court, that COVID-19 emergency orders issued in California and Delaware "made it impossible or impracticable to effect service" between March 2020 and February 2021 because "there was no lawful way to perform service of Summons and Cross-complaint." But Ammec failed to submit any evidence demonstrating the emergency stay-at-home orders it cited applied to process servers or otherwise made service of process infeasible during the period it insists the three-year statute should be tolled. (See *E.P. v. Superior Court* (2020) 59 Cal.App.5th 52, 54-55 ["On March 4, 2020, Governor Gavin Newsom declared a state of emergency as a result of the threat of COVID-19, and on March 19, 2020, issued an executive order directing all Californians not providing essential services to stay home. . . . The order did not close the

7

courts, which provide an essential service"]; see also *Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 401 [same].).

Additionally, Ammec failed to show that CSC-Lawyers Incorporating Service, the agent for service of process for Ifaomilekun, was unavailable or refused service because of the emergency orders issued by Governor Newsom or a local government. Absent evidence to the contrary, the trial court was well within its discretion in concluding the ability to serve Ifaomilekun was not beyond Ammec's control. (See *Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 326 ["section 583.240, subdivision (d), by its very terms, limits its exceptions to circumstances 'beyond the plaintiff's control'"]; *Bishop v. Silva* (1991) 234 Cal.App.3d 1317, 1322 ["plaintiff's problems [in effecting service] were within his own control"]; cf. *Crane v. Dolihite* (2021) 70 Cal.App.5th 772, 792 ["the time during which official acts frustrated the service of process and denied an indigent prisoner his statutory right of access to the courts qualifies as time during which service was 'impracticable[ ] or futile due to causes beyond the plaintiff's control'"].)

Finally, as the trial court explained, Ammec was actively pursuing the case in the period through March 2021, including briefing and arguing a summary judgment motion, supporting a strong inference that its failure to serve Ifaomilekun was not due to its inability to access litigation-related services. (See *Kokubu v. Sudo* (2022) 76 Cal.App.5th 1074, 1088-1089 ["Between the date the trial court granted the expungement motion and the date Appellants filed their motion to compel arbitration, Appellants were active participants in the litigation and readily imposed on the trial court and Respondents when it served their

interests. . . . With this context, the suggestion that COVID precluded filing their arbitration motion promptly after resolution of the lis pendens issue lacks evidentiary support"]; *Yablonsky v. California Dept. of Corr. & Rehabilitations* (S.D. Cal., Sept. 1, 2022, No. 3:18-CV-1122-AGS) 2022 U.S.Dist. Lexis 158685, at pp. *7-8 ["Yablonsky claims the one-year COVID-19 'lockout,' . . . should toll the three-year limit because it constituted 'acts outside the plaintiff['s] control.' . . . Yablonsky's active litigation practice defeats his claim that service was 'impossible' within three years. So it was not clear error for the Court to conclude the statutory exception was inapplicable"].)

### 2. *Ifaomilekun Did Not Generally Appear Before Expiration of the Three-year Time To Serve the Cross-complaint*

Ammec alternatively contends its failure to serve Ifaomilekun within three years did not justify the order dismissing Ifaomilekun because Ifaomilekun had generally appeared by filing a motion to dismiss that presented substantive arguments, not merely challenges to the trial court's jurisdiction.

Ammec, of course, is correct that a general appearance obviates the need to serve a defendant (or cross-defendant) within the time specified in section 583.210. (§ 583.220 ["[t]he time within which service must be made pursuant to this article does not apply if the defendant enters into a stipulation in writing or does another act that constitutes a general appearance in the action"]; see, e.g., *Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 139 ["[p]rocess is waived by a general appearance, in person or by attorney, entered in the action, or by some act equivalent thereto, such as the filing of a pleading in the case or

by otherwise recognizing the authority of the court to proceed in the action," italics omitted]; *Altafulla v. Ervin* (2015) 238 Cal.App.4th 571, 577-578 ["[i]t is axiomatic that defects in service may be waived by a responding party either expressly or by appearing in an action and contesting the merits of the claims asserted"].) However, a motion to dismiss for untimely service generally does not constitute a general appearance. (See § 583.220 ["[N]one of the following constitutes a general appearance in the action: [¶] . . . [¶] (b) A motion to dismiss made pursuant to this chapter, whether joined with a motion to quash service or a motion to set aside a default judgment, or otherwise"]; *Bishop v. Silva, supra*, 234 Cal.App.3d at p. 1323 ["Subdivision (b) of section 583.220 specifically provides that motions to quash and dismiss for untimely service do not constitute a general appearance"].)

Notwithstanding section 583.220, subdivision (b), Ammec argues Ifaomilekun's motion to dismiss was a general appearance because it "sought affirmative relief that appellant was barred by settlement with Martin . . . and by failure to join Curtis as an 'indispensable party.'" In support Ammec cites *Goodwine v. Superior Court* (1965) 63 Cal.2d 481, 484, in which the Supreme Court held a motion to dismiss for lack of subject matter jurisdiction was not a general appearance, but added, ""'[Where] the defendant appears and asks [for] some relief which can only be granted on the hypothesis that the court has jurisdiction of cause and person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance by its terms be limited to a special appearance or not.""''

Even were we to agree that Ifaomilekun's motion sought affirmative relief that would constitute a general appearance,[3] Ammec fails to acknowledge, let alone refute, well-established case law (including a case cited by the trial court) that, once the three-year period for service has expired, a general appearance does not affect a defendant's right to a mandatory dismissal of the action.  (E.g., *Blank v. Kirwan* (1985) 39 Cal.3d 311, 333 ["[e]ven if entering into the stipulation could be deemed to constitute a general appearance, dismissal was nonetheless mandatory:  'a general appearance *after* the three years had run did not operate to deprive a defendant of his right to a dismissal'"]; *Busching v. Superior Court*, *supra*, 12 Cal.3d at p. 51 [same]; *Brookview Condominium Owners' Assn. v. Heltzer Enterprises-Brookview* (1990) 218 Cal.App.3d 502, 509 [cited by

---

[3]	Although Ifaomilekun's motion discussed why the remaining causes of action lacked merit, the motion only asked the court to dismiss the cross-complaint for failure to timely serve the summons and cross-complaint.  Ifaomilekun sought no affirmative relief relating to the merits of the matter.  (See *Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1153 ["[t]he appearance will be considered general in nature if the defendant acts in a manner showing of a purpose of obtaining any ruling or order of the court going to the merits of the case," quotation marks omitted]; *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52-53 ["[i]f the defendant '*raises any other question, or asks for any relief* which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general'"].)  As the trial court detailed, "Ifaomilekun's notice of motion states the motion is brought only on the grounds that Ammec did not timely complete service and the attempted service was incomplete."  Neither ground recognized the authority of the court to proceed on the merits of the action.

11

the trial court: "[A]ny claimed general appearance must have occurred within the mandatory three-year period. An appearance made thereafter does not deprive a defendant of his right to dismissal"].)  Ifaomilekun did not file its motion to dismiss until April 12, 2021, well past the three-year (September 17, 2020) deadline for Ammec to serve it with a summons and copy of the cross-complaint.  The trial court did not abuse its discretion in dismissing the action against Ifaomilekun.

## DISPOSITION

The order of dismissal is affirmed.  Because Ifaomilekun did not participate in the appeal, Ammec is to bear its own costs.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.