Filed 9/22/25  Sevilla v. Perez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JOSE SEVILLA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>GABRIELA PEREZ,<br><br>        Defendant and Respondent.<br>––––––––––––––––––––––––––––––<br>JOSE SEVILLA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DELIA SANDOVAL,<br><br>        Defendant and Respondent. | B344357, consolidated with B344358<br><br>(Los Angeles County Super. Ct. Nos. 24STRO09112, 24STRO09113) |

APPEAL from orders of the Superior Court of Los Angeles County, Laura Cohen, Commissioner.  Affirmed.

Jose Sevilla, in pro. per., for Appellant.

No appearance for Respondents.

* * * * * *

A tenant petitioned the trial court for civil harassment restraining orders against his landlord and his next-door neighbor.  When the tenant failed to personally serve either party by the date of a continued hearing on his petitions, the trial court dismissed both petitions without prejudice.  Because the record on appeal is deficient, we cannot determine whether there was any error and accordingly affirm the orders dismissing the tenant's petitions.

## FACTS AND PROCEDURAL BACKGROUND

### I.     The Parties

Jose Sevilla (Sevilla) is renting a duplex in East Los Angeles from Ramiro and Delia Sandoval.  Gabriela Perez (the neighbor) rents the adjoining half of the duplex.  Neither Sevilla's nor the neighbor's leases are in the record on appeal.

### II.    The Petitions

On December 18, 2024, Sevilla filed two separate petitions for civil harassment restraining orders under Code of Civil Procedure section 527.6[1]—namely, one seeking an order

---

1      All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

restraining Delia Sandoval (the landlord)[2] and one seeking an order restraining the neighbor.

In the petition against the landlord, Sevilla alleged that the landlord pressured petitioner's mother into ceding use of a garage parking space associated with the duplex by threatening to raise the rent, and thereafter raised the rent multiples times between 2020 and 2024. Sevilla also alleged that the landlord "put a hit on" him, citing the fact that Sevilla "almost got [run] over by a gray BMW" in a CVS parking lot.

In the petition against the neighbor, Sevilla alleged that the neighbor and her family (1) colluded with the landlord in attempting to force Sevilla and his family out of the duplex and its associated garage parking space; and (2) as part of an "ongoing and organized effort" to make Sevilla's "living situation intolerable," (a) "consistently created excessive noise by banging on shared walls . . . and frequently revving their loud Dodge Charger," (b) "sweep[ed] dust, dirt, and trash toward" Sevilla's unit, and (c) "tampered with [the] electricity by controlling [the] fuse box[] located on [the neighbor's] side" of the duplex.

### III. Unsuccessful Attempts to Effect Service and Initial Hearing

In late December 2024, the Los Angeles County Sheriff's Department tried to personally serve the petitions on the

---

[2] Ramiro Sandoval is not a party to this appeal. However, the month before filing the petitions at issue here, Sevilla filed a separate petition for a civil harassment restraining order against Ramiro. The trial court denied that petition on the merits, and we affirmed that denial in the separate and concurrently filed opinion, *Sevilla v. Sandoval* (B343678).

landlord and the neighbor three times at each of their residences; the serving deputy was not successful.

Sevilla appeared at the initial January 9, 2025 date set for hearing on his two petitions. The landlord and the neighbor did not appear, although a lawyer appearing on their behalf reported that they had not been served with the petitions. The trial court granted Sevilla's request to continue the hearing to January 29, 2025, and ordered him to "serve[]" the landlord and the neighbor with his petitions by no later than January 27, 2025.

At Sevilla's behest, the Sheriff's Department again tried to personally serve his petitions on the landlord and neighbor three times at each of their residences between January 17 and January 22, 2025; the serving deputy was not successful.

## IV. Continued Hearing

Sevilla appeared at the continued January 29, 2025 hearing, but neither the landlord, the neighbor, nor their lawyer appeared. After "confer[ring]" with Sevilla on the "status of service," the trial court found that Sevilla had been "unable to" serve his petitions on the landlord or the neighbor, did "not find good cause for a [further] continuance," and on its own motion dismissed the petitions without prejudice. There is no transcript of this hearing in the record.

## V. Appeal

Sevilla timely appealed both dismissal orders,[3] and we consolidated the appeals.

---

[3] An order "refus[ing] to grant" an injunction is appealable. (§ 904.1, subd. (a)(6); see also *id.*, subd. (a)(3) ["an order granting a motion to quash service of summons" is appealable]; cf. § 581d.)

4

## DISCUSSION

Sevilla argues that the trial court erred in dismissing his petitions due to his lack of service.

Under section 527.6, a person who has suffered "harassment"—that is, "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses th[at] person, and that serves no legitimate purpose"—may seek and obtain a restraining order "prohibiting" such harassment. (§ 527.6, subds. (a)(1) & (b)(3).) The statute requires that the person to be enjoined be "personally served with a copy of the petition" as well as "notice of hearing of the petition," although the court may permit "another method of service . . . reasonably calculated to give actual notice" if "the court determines at the hearing" that (1) "the petitioner has been unable to accomplish personal service" "after a diligent effort" and (2) "there is reason to believe that the" person to be enjoined "is evading service or cannot be located." (§ 527.6, subds. (m)(1) & (2); *Yu v. Pozniak-Rice* (July 21, 2025, B337415) __ Cal.App.5th __ [2025 WL 2027905] [pp. *3-4] [personal service is the only initial method of service authorized by section 527.6].)

It is undisputed that Sevilla did not personally serve the landlord or the neighbor. However, Sevilla argues that the trial court erred in dismissing the petitions against them because (1) the court should have authorized a different type of service, or (2) the court should have granted him a further continuance to effect personal service on them.

We reject Sevilla's arguments because the record on appeal does not permit us to evaluate the merits of those arguments. As noted above, a trial court may authorize a different form of

5

service only after determining that the petitioner has made a "diligent effort" to effect personal service and "there is reason to believe" the person to be enjoined is "evading service or cannot be located." (§ 527.6, subd. (m)(2).) A trial court may also continue a section 527.6 hearing upon a petitioner's request, but only upon a "showing of good cause." (*Id.*, subd. (p)(1); cf. *id.*, subd. (o) [person to be enjoined is "entitled, as a matter of course, to one continuance, for a reasonable period, to respond to the petition"]; *Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 522.) We review the denial of a continuance for an abuse of discretion. (*In re Marriage of Tara & Robert D.* (2024) 99 Cal.App.5th 871, 881.) As the appellant, Sevilla bears the burden of rebutting the presumption that (1) the trial court correctly determined that there was no reason to believe the landlord or the neighbor were evading service or could not be located, and (2) the trial court correctly exercised its discretion in denying a continuance. (*Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal.App.5th 448, 470; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Without a transcript of the January 29, 2025 hearing, however, Sevilla cannot carry that burden because there is no way to examine what evidence was adduced, which arguments were made, or how the trial court weighed competing considerations. (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228-1229 & fn. 5.) The minute orders we have in the record on appeal do not establish, as a matter of law, that the landlord or the neighbor were evading service or could not be located. And a trial court does not, as a matter of law, abuse its discretion in denying further continuances to allow a section 527.6 petitioner to effectuate service. (*Searles v.*

6

*Archangel* (2021) 60 Cal.App.5th 43, 56, superseded on other grounds by § 527.6, subd. (m).)

Sevilla responds that proper service is not required at all because a lawyer appeared on behalf of the landlord and the neighbor at the January 9, 2025, hearing, thereby establishing that the landlord and the neighbor had actual notice. However, it is well settled that "[a]ctual notice . . . is not a substitute for proper service and is not sufficient to confer jurisdiction." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 392; *Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 414.)[4]

Because we cannot conclude that the trial court erred in dismissing the petitions due to lack of proper service, we have no occasion to address Sevilla's arguments that he is entitled to the grant of his petitions on their merits.

## DISPOSITION

The orders dismissing Sevilla's civil harassment restraining order petitions are affirmed. The landlord and the neighbor are entitled to their costs, if any, on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, P.J.

HOFFSTADT

---

[4] Although our Supreme Court in *Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773 suggested that actual notice may suffice in a case that involved service upon a corporate officer, our Legislature subsequently rejected that case's "liberal construction" of the service statutes (see *Bishop v. Silva* (1991) 234 Cal.App.3d 1317, 1323-1324 [so noting]).

7

We concur:

_____, J.
BAKER


_____, J.
MOOR